IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WESTERN ENVIRONMENTAL LAW CENTER,**<br>120 Shelton McMurphey Blvd., Suite 340<br>Eugene, Oregon 97401<br><br>  Plaintiff,<br><br>  vs.<br><br>**UNITED STATES DEPARTMENT OF ENERGY,**<br>1000 Independence Ave. SW<br>Washington DC 20024<br><br>  Defendant. | Case No. 1:23-cv-2979<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Defendant Department of Energy ("DOE") has wrongfully withheld documents responsive to requests made by Plaintiff Western Environmental Law Center ("WELC") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

2. WELC filed two requests seeking: (1) the hydrogen hub application submitted to DOE by the Western Interstate Hydrogen Hub ("WISHH"); and (2) the hydrogen hub application submitted to DOE by the Southwest Clean Hydrogen Innovation Network ("SHINe"). The requested records are sought to ensure that WELC, its partners, and the broader public are fully informed about the potential impacts the proposed hydrogen hubs would have on the climate, the expected locations of the proposed hubs, plans for public engagement with the affected communities, and impacts on the well-being of affected communities.

COMPLAINT - 7

3. Contrary to FOIA, DOE failed to make a determination on WELC's FOIA requests within the time limits required by statute and failed to produce any of the records sought. WELC requests an order declaring that DOE has violated FOIA, directing DOE to make a determination on WELC's FOIA requests, compelling DOE to immediately provide WELC with the documents it has requested by a date certain, awarding WELC reasonable attorney fees and costs, and granting other relief as the Court may deem just, equitable, and appropriate.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6. This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because DOE is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

COMPLAINT - 7

## PARTIES

**8.** Plaintiff WESTERN ENVIRONMENTAL LAW CENTER ("WELC") is a non-profit organization that combines legal expertise with conservation biology and environmental science to defend and protect the American West's treasured landscapes, iconic wildlife, and rural communities. WELC has offices in Oregon, Washington, New Mexico, Colorado and Montana. WELC integrates its expertise of law and policy with a regional perspective and the place-based knowledge of our 150+ partner groups to advocate for appropriate actions and to facilitate a just transition away from fossil fuels for people and communities in the Western U.S., as well as for a stable climate. The records sought in this action are requested in support of these efforts.

**9.** WELC furthers its goals in part by acquiring, compiling, and analyzing information about potential energy projects and, subsequently, disseminating that information to its partners. WELC's successful efforts at educating its partner organizations and the general public about proposed federally-funded projects that affect the environment, communities, and climate contribute to the public's understanding of governmental operations and activities. WELC's use of information acquired through FOIA enables it to participate in federal decision-making processes, and generally ensure that federal agencies comply with federal laws.

**10.** Here, WELC requested applications submitted by the Western Interstate Hydrogen Hub ("WISHH") and the Southwest Clean Hydrogen Innovation Network ("SHINe") to DOE. These applications seek funding earmarked by the Bipartisan Infrastructure Law pursuant to 42 U.S.C. §16161a(b). Each application is expected to include one or more proposed fossil fuel hydrogen projects, as well as community benefits plans. The people and communities that would be affected—including those that make up WELC's partner

COMPLAINT - 7

organizations—have not been consulted about such plans.

11. WELC and its partners are, and will continue to be, directly injured by DOE's failure to comply with the statutory requirements of FOIA. A favorable outcome of this litigation will redress that injury. WELC brings this action on its own behalf.

12. Defendant U.S. DEPARTMENT OF ENERGY ("DOE") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges DOE with the duty to provide public access to records in its possession. DOE has possession of the records sought by WELC. DOE is constructively denying WELC access to its records in contravention of federal law.

### STATEMENT OF FACTS

13. FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.] " 5 U.S.C. § 552(a)(6)(A)(i).

14. On April 23, 2023, WELC submitted two FOIA requests to DOE: one requesting the WISHH hydrogen hub application; and other requesting the SHINe hydrogen hub application. The requests were submitted via email.

15. On April 25, 2023, DOE sent WELC an acknowledgment of its FOIA requests and confirmation that its requests were being processed. DOE assigned the requests control numbers "DOE FOIA HQ-2023-00878-F 2019-00995" (WISHH) and "DOE FOIA HQ-2023-00877-F" (SHINe).

16. DOE did not assert in these communications that any "unusual circumstances" were present that would merit a 10-workday extension. DOE did not request that WELC limit the scope of its FOIA requests or agree to an alternative time period for processing the

COMPLAINT - 7

requests. DOE did not provide dates certain upon which it expected the requests to be processed.

17. Having received no further communications from DOE related to its FOIA requests, on June 23, 2023, WELC sent an email to the DOE FOIA Officer notifying them of the agency's failure to meet the 20-day deadline with respect to both FOIA requests.

18. On June 26, 2023, the DOE FOIA Officer responded via email indicating that the agency was reviewing the responsive documents, but that there was "a multilayer process at DOE" outside the control of the Officer. Again, DOE did not provide dates certain upon which it expected the requests to be processed.

19. On July 11, 2023, WELC requested "(a) an estimate of when [DOE would] provide the documents, and (b) an update on [the] status within DOE's FOIA backlog" for both FOIA requests. The DOE FOIA Officer did not respond to WELC's inquiry.

20. On July 17, 2023, WELC again sent the same request for time estimates and status updates.

21. On July 17, 2023, the DOE FOIA Officer responded via email stating that they could not tell WELC where the documents were in the backlog. The DOE FOIA Officer said they would try to provide the requested documents "in the next couple of months."

22. To date, DOE has not made determinations on WELC's FOIA requests or disclosed any records responsive to its requests.

23. More than 115 business days have now passed since WELC submitted its April 23, 2023, FOIA requests to DOE.

24. WELC has fully exhausted administrative remedies for its April 23, 20223, FOIA requests to DOE. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA as provided in 5

COMPLAINT - 7

U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF FOIA: FAILURE TO MAKE A TIMELY DETERMINATION

25.   WELC incorporates the allegations made in all preceding paragraphs by this reference.

26.   DOE's failure to make a determination on WELC's April 23, 2023 FOIA requests (numbers DOE-FOIA HQ-2023-00877-F and DOE FOIA HQ-2023-00878-F) within the time required by FOIA violates WELC's rights under 5 U.S.C. § 552(a)(6)(A)(i).

27.   WELC is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for DOE's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT II
### VIOLATION OF FOIA: FAILURE TO MAKE RECORDS PROMPTLY AVAILABLE

28.   WELC incorporates the allegations made in all preceding paragraphs by this reference.

29.   DOE's failure to make records "promptly available," as required by 5 U.S.C. § 552(a)(6)(C), within a few days or weeks—not months or years—violates WELC's rights. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013).

30.   WELC is entitled to reasonable costs of litigation, including attorney fees, for DOE's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT III
### VIOLATION OF FOIA:
### FAILURE TO COMMUNICATE ESTIMATED DATE OF COMPLETION

COMPLAINT - 7

31. WELC incorporates the allegations made in all preceding paragraphs by this reference.

32. DOE's failure to provide "an estimated date on which the agency will complete action on the request[s]," as required by 5 U.S.C. § 552(a)(7)(B), violates WELC's rights.

33. WELC is entitled to reasonable costs of litigation, including attorney fees, for DOE's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, WELC respectfully requests that this Court:

A. Declare that DOE has violated FOIA by wrongfully withholding the records that WELC requested;

B. Order DOE to make a determination on WELC's FOIA requests and provide WELC with all wrongfully withheld records;

C. Maintain jurisdiction over this action until DOE complies with FOIA and every order of this court;

D. Award WELC its costs and reasonable attorney fees in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

E. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 6th day of October 2023.

/s/ Kyle J. Tisdel
Kyle J. Tisdel (D. D.C. Bar # NM009)
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
Ph: 575.613.8050
tisdel@westernlaw.org

COMPLAINT - 7

/s/ Allyson Beasley
Allyson Beasley (D. D.C. Bar # NM009)
Western Environmental Law Center
409 East Palace Ave., Suite 2
Santa Fe, New Mexico 87501
Ph: (575) 224-6260
beasley@westernlaw.org

*Attorneys for Plaintiff Western Environmental Law Center*

COMPLAINT - 7